Jacob Rader #75396
Name and Prisoner/Booking Number

Riverside Regional Jail
Place of Confinement

500 Polar Trail
Mailing Address

North Prince George, VA 23860
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

JUL 0 9 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Jacob Rader                              )
(Full Name of Plaintiff)        Plaintiff,  )
                                         )
v.                                       )   CASE NO. **2 1 9 - CV · 1 2 6 5**   AC PC
                                         )   _____
(1) County of Placer                 ,  )        (To be supplied by the Clerk)
(Full Name of Defendant)                 )
(2) Placer County Sheriff Office        )
                                         )   **CIVIL RIGHTS COMPLAINT**
(3) Sheriff Devon M. Bell            ,  )        **BY A PRISONER**
                                         )
(4) Deputy Selbos                    ,  )   ☒ Original Complaint
            Defendant(s).                )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: Auburn Main Jail, Auburn, CA

**COUNTY OF PLACER**

**PLACER COUNTY SHERIFFS OFFICE**

**SHERIFF DEVON M. BELL**

**DEPUTY SOLBOS**

**DEPUTY WEHE**

**JAIL COMMANDER STEINHAUER**

**ROSEALYNN STRIKA A.P.M.**

**JANICE HENDRICKS M.P.M.**

**SERGEANT JONES**

**DR. GOLDSMITH**

**DR. OWENS**

**CLASSIFICATION OFFICER FISH**

**JOHN DOES 2-50**

**DEPUTY PIRTLE**

**1A**

## B. DEFENDANTS

1.  Name of first Defendant: _County of Placer_. The first Defendant is employed as:
    _N/A_ at _N/A_.
    (Position and Title)                (Institution)

2.  Name of second Defendant: _Devon M. Bell_. The second Defendant is employed as:
    _Sheriff of Placer County_ at _Auburn, California_.
    (Position and Title)                (Institution)

3.  Name of third Defendant: _Placer County Sheriffs Office_ The third Defendant is employed as:
    _N/A_ at _N/A_.
    (Position and Title)                (Institution)

4.  Name of fourth Defendant: _Paul Salkes_. The fourth Defendant is employed as:
    _Deputy/Corrections Officer_ at _Horseshoe Main Jail_.
    (Position and Title)                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☒ No

2.  If yes, how many lawsuits have you filed? _0_. Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _N|A_ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
        _____.

    b.  Second prior lawsuit: _N/A_
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
        _____.

    c.  Third prior lawsuit: _N/A_
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

**CLAIM I**

1.  State the constitutional or other federal civil right that was violated: Please See #3A

2.  **Claim I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: Unreasonable force .

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Claim I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.    N/A

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
   N/A

5.  **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b.  Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c.  Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## Summary

The facts and details for the following Fifteen Claims under the United States Constitution and the California State Constitution by PLAINTIFF JACOB RADER, a once Pre-Trial detainee at the Auburn Main Jail, are meticulously documented and dated accordingly. The Unreasonable Force and Assault & Battery facts are undeniably as recorded by the following modalities: Auburn Main Jail Surveillance Video, In-Trial Testimony by DEFENDANTS SOLBOS and WEHE on March 6th, 7th and 8th, 2019, Sutter Health Emergency Room Report July 14th, 2018, Auburn Mail Jail Medical Staff Reports, South Placer Jail Medical Staff Reports, Inmate Grievance Forms(Exhausted), Medical Blue-Slips, Yellow Information Requests, Photographs, Audio Recordings, Trial Transcripts & Exhibits.

PLAINTIFF JACOB RADER was beaten unconscious by DEFENDANTS SOLBOS and WEHE on July 12th, 2018, in Cell A-141 at the Auburn Main Jail in Placer County, California. PLAINTIFF JACOB RADER was naked and placed in Handcuffs with his hands behind his back prior and during the wanton, ominous and sadistic attack.

On July 14th, 2018, two days later, Auburn Main Jail Medical Staff, R.N. Daniel Hickey ordered the Placer County Sheriffs Office(**PCSO**) to immediately transport PLAINTIFF JACOB RADER to the Sutter Health Emergency Room after a brief body and head medical evaluation. On arrival, Dr. John Bauer ordered X-Rays of the following: Cervical Spine, Thoracic Spine, Right Scapula and Right Wrist.

The bodily injuries that resulted from the attack by DEFENDANTS SOLBOS and WEHE to PLAINTIFF JACOB RADER were the following: **6" Blood Clot and Bruising to Left Calf, 3" Blood Clot to Right Under Arm, Bruising and Cuts to both Ribs, 6 (1") Bruises to Left Under Arm, 4" Bruise Lower Lumbar Spine, Swollen Cranium, 8" Bruise Right Hip, 2" x 4" Scrape Right Shoulder, Right Wrist Dislocated-Bruised Black & Blue and Nerve Damage to Neck, Right Shoulder, Right Arm and Right Wrist.**

On Information and Belief, The Auburn Main Jail Officers and Senior Medical Staff, within a repeated culture of Unreasonable Force against inmates, once again attempted to cover-up the attack and events that took place on July 12th, 2018. **The Placer County Sheriffs Office also forged documents and neglected to record the incident into "Blue-Team Software," as mandated in the Class Action**

Settlement Agreement of Bangert versus Placer County by US Magistrate Judge Kendall J. Newman.

Under Information and Belief, a counter measure and strategy was used by DEFENDANT SOLBOS when he claimed to be the victim. DEFENDANT SOLBOS "**self-investigated**" Incident Report #18-2310 and forwarded his own charges against PLAINTIFF JACOB RADER with the Placer County District Attorneys Office of 69(A). Honorable Steven J. Howell declared a '**mistrial**' when the District Attorneys Office was found to have held back exculpatory evidence AND manufactured evidence against PLAINTIFF JACOB RADER. It was also shown that the testimony of DEFENDANTS SOLBOS and WEHE contradicted each others testimony multiple times that neither of them slammed PLAINTIFF JACOB RADER against the cement wall in Cell A-141 in lieu of video and photographic evidence.

On or around November 15th, 2019, PLAINTIFF JACOB RADER, "**Opted-Out**" of The Class Action Settlement of Bangert versus Placer County by submitting a statement in writing as directed to by attorneys Patrick Dwyer, Mark Merin and PCSO counsel Brett Holtt, Et. al.

### Key to Aubrun Main Jail Reports and Form Types; Definitions and Abbreviations.

1) **C.M.G.C.** - 'Corrections Medical Group Companies Report' - Recorded by the Auburn Main Jail Medical Staff.

2) **I.D.R.** - 'Inmate Disciplinary Form' - Recorded by the Auburn Main Jail Correctional Staff regarding disciplinary "write-ups" or other incidents deemed worthy from staff regarding inmates needing documentation for Disciplinary Segregation.

3) **M.B.S.** - 'Medical Blue Slip' - A form submitted by Auburn Main Jail Pre-Trial Detainees regarding medical requests, illnesses, follow-up issues, medications and mental health.

4) **Y.I.R.** - 'Yellow Information Request' - A form submitted by Auburn Main Jail Pre-Trial Detainees regarding Jail Rules, issues, basic complaints and problems for simple relief or

**3B**

performance.

5) **I.G.F.** - 'Inmate Grievance Form' - A form submitted by Auburn Main Jail Pre-Trial Detainees regarding serious Jail issues and problems for requests of relief or performance.

6) **E.R.C.** - 'Emergency Restraint Chair' - A restraint device in the form of a wheeled-chair with arm and leg straps which **shall not** be used for punishment or as a substitute for treatment of **Title 15 ss 1058.**

7) **S.C.** - 'Safety Cell' - A cell to detain Pre-Trial detainees for visual observation. The inmate must be given sufficient clothing or be provided with a suitably designed "Safety Garment." A safety cell **shall not** be used for treatment of punishment per **Title 15 ss 1055.**

## FIRST CLAIM

### Unreasonable Force

### (Fourteenth Amendment to The US Constitution; 42 U.S.C. 1983)

**1.** On July 12th, 2018, DEFENDANTS SOLBOS and WEHE of The Auburn Main Jail of The Placer County Sheriffs Office entered PLAINTIFF JACOB RADERS Cell A-141 and used Unreasonable Force, beating him unconscious causing severe bodily injuries including Nerve Damage.

**2.** PLAINTIFF JACOB RADER was naked and instructed to sit down and face the wall at the back of his cell with his hands behind his back. As instructed, he "complied" as ordered as documented in **Incident Report #18-2310** as well as Trail Transcripts by DEFENDANTS SOLBOS and WEHE on March 6th, 7th, and 8th, 2018.

**3.** PLAINTIFF JACOB RADER requested DEFENDANT SOLBOS and WEHE "please recognize the large bone anomalies on his right and left wrists before the hand cuffing process, to ensure not to injure him by over-tightening the hand cuffs."

**4.** After the left handcuff was applied, DEFENDANT SOLBOS slammed the right handcuff down

3C

exactly on the right wrist bone anomaly of PLAINTIFF JACOB RADER, over-tightening the handcuff intentionally, causing blood vessels to rupture on the top of his hand and spraining his right wrist.

PLAINTIFF JACOB RADER immediately began screaming and pleading for DEFENDANT SOLBOS to loosen the right handcuff, which was denied. To further cause pain and suffering, DEFENDANT SOLBOS applied a "Pain Compliance Technique," called a "Rear Wrist Lock," to PLAINTIFF JACOB RADER'S right wrist which resulted in Nerve Damage. "Rear Wrist Locks" are used exclusively for Non-Compliant Arrestees.

**5.** In Self-Defense while PLAINTIFF JACOB RADER was being escorted out of cell A-141, he kicked backwards and made contact with DEFENDANT SOLBOS right shin.

**6.** DEFENDANT SOLBOS and WEHE collectively slammed PLAINTIFF JACOB RADER laterally into the cells right cement wall, injuring his head, neck, shoulder and back causing him to loose consciousness. DEFENDANT WEHE then "**intentionally**" slammed PLAINTIFF JACOB RADER down to the cement floor by sweeping his legs in a pulling-down motion.

**7.** When PLAINTIFF JACOB RADERS body was "pancaked" onto the cement floor he regained consciousness when DEFENDANT SOLBOS and WEHE kicked him in the right ribs, then DEFENDANT SOLBOS repeatedly slammed PLAINTIFF JACOB RADER'S head into the cement floor in a "Jack-Hammering" motion while he was laying face down in the Prone Position.

**8.** DEFENDANT WEHE used his left knee and jumped down on PLAINTIFF JACOB RADER'S left calf and then jumped down using his right knee into the lumbar spine of PLAINTIFF JACOB RADER'S lower back.

**9.** DEFENDANT SOLBOS used his left knee and jumped down on PLAINTIFF JACOB RADER'S Thoracic Spine and jumped down using his right knee into the head of PLAINTIFF JACOB RADER.

**10.** Failure to apply the handcuffs properly where the "Key-Side" was facing outward, DEFENDANT SOLBOS could not release the ratcheting locking mechanism to remove the handcuffs for 1-2 minutes. PLAINTIFF JACOB RADER screamed in agony as recorded by an unknown **PSCO** cell phone video on the cement floor of cell A-141.

**3D**

**11.** Because DEFENDANT SOLBOS could not remove the improperly applied handcuffs for 1-2 minutes, he ordered his Sergeant, DEFENDANT SERGEANT JONES to get an Emergency Restraint Chair(**E.R.C.**) and then placed PLAINTIFF JACOB RADER into the **E.R.C.** in a Supine Position as he remained in handcuffs screaming in agony for them to be removed as recorded by a **PCSO** cell phone video and audio.

**12.** DEFENDANT WEHE pulled PLAINTIFF JACOB RADERS head and neck backwards while using a "Pain Compliance Technique" by forcing his fingers into PLAINTIFF JACOB RADERS jaw and pulling his neck back, causing nerve damage to his neck and right shoulder as recorded by a **PCSO** cell phone video, while telling him "to stop resisting."

**13.** DEFENDANT SOLBOS was unable to remove the improperly applied and over-tightened handcuffs for over 2 minutes as shown in the Auburn Main Jail Surveillance video, dislocating PLAINTIFF JACOB RADER'S right wrist by having to flip his wrists over to access the "Key-Hole" as recorded by a **PCSO** cell phone video and audio.

**14.** Two days later on July 14th, 2018, R.N. Danielle Hickey ordered the Placer County Sheriffs Office to immediately transport PLAINTIFF JACOB RADER to the Sutter Health Emergency Room for medical treatment and X-Rays.

**15.** Dr. John Bauer ordered X-Rays of the following: Cervical Spine, Thoracic Spine, Right Scapula and Right Wrist.

**16.** The bodily injuries that resulted from the attack by DEFENDANTS SOLBOS and WEHE to PLAINTIFF JACOB RADER were the following: **6" Blood Clot and Bruising to Left Calf, 3" Blood Clot to Right Under Arm, Bruising and Cuts to both Ribs, 6 (1") Bruises to Left Under Arm, 4" Bruise Lower Lumbar Spine, Swollen Cranium, 8" Bruise Right Hip, 4' x 2" Scrape Right Shoulder, Right Wrist Dislocated-Bruised Black & Blue and Nerve Damage to Neck, Right Shoulder, Right Arm and Right Wrist.**

**17. On or around January 10th, 2019, *Dr. Duncan of the South Placer Jail* ordered the PCSO to transport PLAINTIFF JACOB RADER to outside Physical Therapy and for an EMG confirming Nerve Damage to his Neck, Right Shoulder, Right Arm and Right Wrist after almost 6 months after the incident that took place back on July 12th, 2018.**

**3E**

## SECOND CLAIM

### Campaign of Harassment

### (Eighth Amendment to The US Constitution; 42 U.S.C. 1983)

**18.** On June 18th, 2018, PLAINTIFF JACOB RADER was immediately strapped down to an **E.R.C.** in the parking lot of the Auburn Main Jail and was wheeled inside. Officer Lukenbill drove his fingers into his jaw during the booking process. PLAINTIFF JACOB RADER was then placed into Safety Cell #26 where he had multiple seizures and remained in the **E.R.C.** without given reasonable medical attention. The DEFENDANT R.N. JOHN DOE told the defendant "he was faking and would not be given medical treatment, medication, or juice." As reported in a July 27th **I.G.F.** and on June 24th, 25th, 26th and 29th in the **C.M.G.C.**

**19.** On June 19th, 2018, at approximately 12:00AM the Auburn Main Jail staff initiated the "booking-arrest-process." Sgt. Beggs told PLAINTIFF JACOB RADER at 7:00AM he "was sorry for being left in safety cell #26 for 7 hours and that his shift did not treat arrestees like animals." Sgt. Beggs and moved him into a different booking cell and instructed his shift-crew to "process him immediately and get him to where he needs to be housed." The "Booking-Cells" located in the "Booking-Area" are 100% concrete and air-conditioned at approximately 65 degrees.  PLAINTIFF JACOB RADER was given no blanket or toilet paper for 32-36 hours.

**20.** On June 20th, 2018,  PLAINTIFF JACOB RADER still remained in the Booking Area and not processed for 32-36 hours as recorder in the **I.G.F.** on June 27th and in the **C.M.G.C.** report on June 24th, 25th, 26th and 28th, 2018. On June 22nd, 2018,

**21.** PLAINTIFF JACOB RADER filed a **Y.I.F.** to Defendant Commander Steinhauer requesting a 1st privileged private attorney phone call. No response or performance was administered.

**22.** On June 23rd, 2018, PLAINTIFF JACOB RADER was "written-up" in the **I.D.R. #18-2061** for a

**CLAIM II**

1.   State the constitutional or other federal civil right that was violated: _First See 3F_

2.   **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
     ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
     _N/A_
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
     _N/A_
     _____
     _____

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☒ Yes  ☐ No
     b.   Did you submit a request for administrative relief on Claim II?          ☒ Yes  ☐ No
     c.   Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _N/A_
     _____.

4

violation of "refusing to sign paperwork" from the Truckee Animal Shelter which was a release form allowing anyone in the public to adopt his two Belgium Malawian dogs, Mani and Swani Rader. PLAINTIFF JACOB RADER was disciplined to 7 days of Disciplinary Segregation, 14 days loss of Commissary and 14 days of family visitation as recorded in the **C.M.G.C.** reports on June 24th, 25th and 26th, 2018.

**23.** On June 26th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting a second round of seizures and being left in his own feces and urine by DEFENDANT R.N. JOHN DOE and DEFENDANT MILLER. Deputy McGlaurgy reported the incident when he arrived for his shift at 7:00AM and DEFENDANT STRIKA A.P.M. and DEFENDANT HENDRICKS M.P.M. claimed that no seizures had been reported by any staff or on the **I.G.F.** reply. PLAINTIFF JACOB RADER was given no treatment. The incident was recorded in the **C.M.C.G.** report on June 28th, 2018.

**24.** On June 26th, 2018, DEFENDANT JACOB RADER was transported to Sutter Health Emergency Room. While handcuffed to a hospital bed for 30 minutes he notified Deputy Duncan that he needed to go the restroom which was denied. Deputy Duncan told PLAINTIFF JACOB RADER to "hold it" until he returned to Auburn Main Jail. Upon returning to Auburn Main Jail, Deputy Duncan again denied PLAINTIFF JACOB RADERS request to use the restroom and PLAINTIFF JACOB RADER was forced to relieve his bladder on himself in front SERGEANT JOHN DOE and R.N. JANE DOE as recorded in the **C.M.G.C.** report on June 27th, 2018.

**25.** On July 29th. 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting a Sexual Assault in Housing Unit 'N' in front of his cell located behind the stairs out of view of the single surveillance camera inside of Housing Unit 'N.' DEFENDANT SERGEANT JONES accused PLAINTIFF JACOB RADER of lying and filing a false **I.G.F.** and ordered 15 days of Disciplinary Segregation, 4 weeks loss of commissary and 4 weeks loss of family visitation and recorded in **I.D.R. #18-2164.**

**26.** On July 2nd and July 6th, 2018, PLAINTIFF JACOB RADER filed an **I.F.G.** reporting DEFENDANT LIEUTENANT GUITRON had been committing fraud and violating contractual law by replying, signing and dating the Level 3 Reply section of the **I.G.F.** which is designated strictly to DEFENDANT COMMANDER STEINHAUER.

3G

**27.** On July 6th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting DEFENDANT MILLER refused to issue him **I.G.F.'s** and told him that "if I issue you any **I.G.F.'s** I will be in trouble per DEFENDANT SERGEANT JONES and DEFENDANT COMMANDER STEINHAUER".

**28.** On July 6th, 2018, PLAINTIFF JACOB RADER filed an **Y.I.F.** to Sergeant Beggs requesting a 1st private attorney phone call. No response or performance was administered.

**29.** July 7th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting DEFENDANT SERGEANT JONES had denied PLAINTIFF JACOB RADER a 1st private attorney phone call after being in custody 21 days. No response or performance was administered.

**30.** On July 7th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** to DEFENDANT COMMANDER STEINHAUER requesting a Blood Test after another inmate spit into PLAINTIFF JACOB RADERS eyes and mouth. No response or performance was administered.

**31.** On July 7th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting a 3rd round of seizures and not being examined or treated by DEFENDANT STRIKA A.P.M. or any Auburn Main Jail Medical Staff.

**32.** On July 8th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting DEFENDANT MILLER had been taking PLAINTIFF JACOB RADER off the top spot of the "Law Library List" and removing him permanently for two weeks in a row. DEFENDANT MILLER had also restricted and limited PLAINTIFF JACOB RADER to 6:00AM Dayroom-Time when phones and TV were shut off and unavailable to inmates.

**33.** On July 8th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting having seizures requesting medical attention. No response or performance was given.

**34.** On July 9th, 2018, ON INFORMATION AND BELIEF, the Auburn Main Jail **I.G.F.** was modified and revised 7 days after PLAINTIFF JACOB RADER filed an **I.G.F.** against DEFENDANT LIEUTENANT GUITRON who had been committing fraud and violating contractual law by replying, signing and dating the Level 3 Reply section of the **I.G.F.** in place which is designated strictly to DEFENDANT COMMANDER STEINHAUER on July 6th, 2018.

**3H**

*On July 16th, 2018, DEFENDANT COMMANDER STEINHAUER indefinitely placed PLAINTIFF JACOB RADER on I.G.F. Restriction.*

**35.** On July, 11th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** regarding **Title 15 Violations ss 1055 and ss 1058;** Improper use of a Safety Cell and Emergency Restraint Chair(**E.R.C.**).

**36.** On July 11th, 2018,  PLAINTIFF JACOB RADER was placed into Disciplinary Segregation in Cell Block A-141, "The Hole," for 28 Days.

**37. On July 12th, 2018, DEFENDANTS SOLBOS and WEHE of The Auburn Main Jail of The Placer County Sheriffs Office entered PLAINTIFF JACOB RADER'S Cell A-141 and used Unreasonable Force, beating him unconscious and causing severe bodily injuries including Nerve Damage.**

**38.** On July 12th, 2018,  PLAINTIFF JACOB RADER was strapped down to an Emergency Restraint Chair(**E.R.C.**) and was placed into Safety Cell #27 completely naked without given any "proper clothing garments" in violation of **Title 15 ss 1055 and ss 1058.**

**39.** On July 12th, 2018, DEFENDANT SOLBOS took matters into his own hands and investigated his own complaint and directly sent the recommendation of filing charges against PLAINTIFF JACOB RADER in violation 69(a), thus, circumventing any proper investigation by the **PCSO** as documented in **Incident Report #18-2310**. Also Known As, Judge, Jury and Executioner.

**40.** On July 12th, 2018, DEFENDANT SOLBOS AND WEHE filed **Incident Report #18-2310,** contradicting each others reports about the Unreasonable Force against PLAINTIFF JACOB RADER, and as recorded in Trail Transcripts in the court of Honorable Steven J. Howell on March 6th, 7th, and 8th, 2018, in which a '**Mistrial**' was declared.

**41.** On July 12th, 2018, DEFENDANT FISH classified PLAINTIFF JACOB RADER as a "**Two-Man-Move**" which confined PLAINTIFF JACOB RADER to Leg Shackles at the Waist and Handcuffs for ANY movement in the Auburn Main Jail for 38 days. PLAINTIFF JACOB RADER could not properly access the Law Library computer to do legal research as a Pro Se litigant or be properly examined by Auburn Main Jail Medical Staff while in Leg Shackles at the Waist and in Handcuffs. Clothes were not

allowed to be removed for the Medical Examination.

**42.** On July 13th, 2018, DEFENDANT SOLBOS returned to PLAINTIFF JACOB RADERS Cell A-141 approximately 24 hours after the Unreasonable Force Incident and attempted to escort PLAINTIFF JACOB RADER to his first Medical Examination. PLAINTIFF JACOB RADER refused the escort by DEFENDANT SOLBOS. DEFNDANT SOLBOS then told the Auburn Main Jail Medical Staff PLAINTIFF JACOB RADER had denied medical treatment.

**43.** On July 14th, 2018, DEFENDANT SOLBOS again returned to PLAINTIFF JACOB RADERS Cell A-141, approximately 48 hours after the Unreasonable Force Incident and INDEED escort PLAINTIFF JACOB RADER to his first Medical Examination.

**44.** On July 14th, 2018, R.N. Danielle Hickey ordered the **PCSO** to immediately transport PLAINTIFF JACOB RADER, approximately 48 hours after the Unreasonable Force Incident on July 12th, 2018, to the Sutter Health Emergency Hospital for medical treatment and X-Rays.

**45.** On July 14th, 2018, Dr. John Bauer of Sutter Health Emergency Room ordered X-Rays of the following: Cervical Spine, Thoracic Spine, Right Scapula and Right Wrist.

**The bodily injuries that resulted from the ominous and sadistic attack by DEFENDANTS SOLBOS and WEHE to PLAINTIFF JACOB RADER were the following: 6" Blood Clot and Bruising to Left Calf, 3" Blood Clot to Right Under Arm, Bruising and Cuts to both Ribs, 6 (1") Bruises to Left Under Arm, 4" Bruise Lower Lumbar Spine, Swollen Cranium, 8" Bruise Right Hip, 4" x 2" Scrape Right Shoulder, Right Wrist Dislocated-Bruised Black & Blue and Nerve Damage to Neck, Right Shoulder, Right Arm and Right Wrist.**

**46.** On July 15th, 2018, PLAINTIFF JACOB RADER filed a **M.B.S.** requesting the ordered and prescribed pain medication by Dr. John Bauer be administered, as well as a request to DEFENDANT FISH to be transferred to South Placer Jail for proper medical attention. No response or performance was administered.

**47.** On July 16th, 2018, PLAINTIFF JACOB RADER was personally escorted by his attacker, DEFENDANT SOLBOS to court where he was indicted by the self-investigated incident by

**3J**

DEFENDANT SOLBOS of California Penal Code 69(a) which DEFENDANT SOLBOS personally forwarded the charges with the District Attorneys Office. AKA Judge, Jury and Executioner.

**48. On July 19th, 20th, August 3rd, 5th, September 3rd, 14th, 24th and October 5th, 2018 PLAINTIFF JACOB RADER filed I.G.F.'s requesting pain medication and stronger pain medication regarding the Unreasonable Force by DEFENDANTS SOLBOS and WEHE on July 12th, 2018. NO RELIEF WAS EVER ADMINISTERED.**

**49.** On July 19th, 2018, DEFENDANT SOLBOS intercepted the Unreasonable Force **I.G.F.** in a conflict of interest, which in detail described the injuries of PLAINTIFF JACOB RADER at his Cell A-141 where the Unreasonable Force Incident took place on July 12th, 2018.

**50.** On July 19th, 2018, DEFENDANT SOLBOS again personally escorted PLAINTIFF JACOB RADER to and from the Auburn Main Jail Medical Department for a complete body examination. DEFENDANT SOLBOS entered and remained in the 8x8 examination room and refused to leave during the entire examination, even at the request by R.N. Jane Doe who explained that DEFENDANT SOLBOS was violating PLAINTIFF JACOB RADERS HIPPA Rights. DEFENDANT SOLBOS refused to leave.

**51.** On July 26th, 2018, PLAINTIFF JACOB RADER was "written-up" for complaining about Officer Hermosilla who repeatedly flashed her flash-light directly into his eyes and face while he was trying to sleep, every 30 minutes during her cell checks. On July 29th, 2018, Sgt. Nielsen denied the discipline as recorded in his follow-up report.

**52.** On August 1st, 2018, Psychiatrist Edward Kaftatian filed a psychiatry report regarding PLAINTIFF JACOB RADER; Dr. Kaftarian noted the following: Patient leaning forward in chair due to back discomfort. Patient has good judgment, good insight, pleasant, calm, cooperative. Complaints of pinched nerve underneath right scapula and that "he took a pretty good beating from officers on July 12th, 2018 and was sent to the Sutter Health Emergency Room.

**53.** On August 5th, 2018, the **Emergency Response Record** of the **C.F.M.G.** reported that PLAINTIFF JACOB RADER was found down in Cell A-141 lying on the floor with blood on the walls, moaning

**3K**

and crying, cramping and stabbing pains in the left upper quadrant. No cuts in mouth, no open sores, however tongue was swollen.   PLAINTIFF JACOB RADER filed two **Y.I.R.** forms asking that photos be taken of Cell A-141 due to coughing up blood and requested to be seen at Sutter Health Emergency Room which was denied by the Corrections Medical Group Company.

**54.** On August 6th, 2018,  PLAINTIFF JACOB RADER filed a **Y.I.R.** stating that he was still in tremendous pain and that his "back was killing," and needed two **I.G.F.'s** for not getting proper pain medication and treatment.

**55.** On August 15th, 2018, PLAINTIFF JACOB RADER filed a **Y.I.R.** requesting that DEFENDANT FISH reclassify him after 34 days of being on "Two-Man Move," so that he could properly have *Access to the Courts* and conduct Legal Research in the Law Library without being Leg Shackled and handcuffed at the waist which made typing and searching impossible on Lexus Nexus.

**56.** On August 17th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting DEFENDANT FISH had violated his Civil Rights and Access to the Courts as in *Trujillo v. Williams, 465 F. 3d 1210(1th Cir.2006).*

**57.** On August 18th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** seeking a proper investigation of the Unreasonable Force incident on July 12th, 2018, by DEFENDANT SOLBOS and WEHE in violation of his 14th Amendment Rights and 8th Amendment Rights as in *Hudson v. McMillian U.S. 1st, 1992.*

**58.** On August 24th, 2018, PLAINTIFF JACOB RADER filed a **M.B.S.** requesting a muscle relaxer complaining that the pain medication(Ibuprofen) wasn't working and he was having trouble sleeping due to back and right scapula pain from Nerve Damage.

**59.** On August 26th, 2018, PLAINTIFF JACOB RADER filed a **Y.I.R.** to Title 15 Officer Rashid regarding a book titled, *"Prison Grievances,"* that Amazon.com had confirmed delivery on August 20th, 2018 which he had not received.

**60.** On August 27th, 2018, PLAINTIFF JACOB RADER filed a **M.B.S.** requesting to be evaluated and

**3L**

seen for stronger pain medication and that Ibuprofen was not providing any relief.

**61.** On September 1st, 2018, PLAINTIFF JACOB RADER filed a **Y.I.R.** requesting DEFENDANT FISH reclassify him from Administration Segregation which begun June 20th, 2018. PLAINTIFF JACOB RADER remained in an Administration Segregation Cell for 23 hours a day for approximately 2.5 months. DEFENDANT FISH denied the request on September 16th, 2018.

**62. On September 3rd, 7th, 11th, 2018, PLAINTIFF JACOB RADER filed a M.B.S. requesting a medical examination by The Auburn Main Jail Doctors and for stronger pain medication and for multiple injuries including Nerve Damage regarding for the Unreasonable Force Incident on July 12th, 2018. No relief or performance was administered.**

**63.** On September 13th, 2018, PLAINTIFF JACOB RADER filed a **Y.I.R.** to Title 15 Officer Rashid regarding a book titled, *"The Criminal Law Handbook,"* that Amazon.com had confirmed delivery on September 4th, 2018 which he had not received.

**64.** On September 14th, 2018, PLAINTIFF JACOB RADER filed a **M.B.S.** requesting to see an ANY Auburn Main Jail Doctor, for stronger pain medication for multiple injuries including Nerve Damage regarding the Unreasonable Force Incident on July 12th, 2018. No relief or performance was administered.

**65.** On or around September 15th, 2018, DEFENDANT SOLBOS entered the privileged and confidential legal room #74, unannounced during a private meeting between PLAINTIFF JACOB RADER and his court appointed investigator Larry Demates.

**66.** On September 21st, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** regarding DEFENDANT HENDRICKS M.P.M. not replying or responding accordingly regarding the Sutter Health Emergency Room Report and describing his chronic pain that was not being treated. DEFENDANT A.P.M. STRIKA responded by saying "the X-Rays were negative for fractures," thus, insinuating that X-Rays are a modality for pain and Nerve Damage or to measure a patients threshold for pain.

**67.** On September 24th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** to DEFENDANT DR. OWENS and DEFENDANT DR. GOLDSMITH regarding neither of them personally examining him

**3M**

for the Unreasonable Force Incident which took place on July 12th, 2018. Again, DEFENDANT A.P.M. STRIKA and DEFENDANT HENDRICKS M.P.M. responded by saying "the X-Rays were negative for fractures, thus, insinuating that X-Rays were a modality for pain and Nerve Damage or to measure a patients threshold for pain.

**68.** On October 5th, 2018, PLAINTIFF JACOB RADER for the first and only time was finally personally examined by DEFENDANT DR. OWENS some 3 months(90 Days) after the Unreasonable Force Incident which took place on July 12th, 2018. On immediate arrival, DEFENDANT DR. OWENS ordered Physical Therapy outside of the Auburn Main Jail and prescribed Gabapentin which is mainly used for Fibromyalgia and not a designated pain medication.

**69.** On October 5th, 2018, DEFENDANT MILLER paged PLAINTIFF JACOB RADER on his cell N-426 intercom explaining that "for good behavior DEFENDANT FISH would be moving and reclassifying PLAINTIFF JACOB RADER to a better housing unit, Unit 'R'". Due to his upcoming Pro Se Motions and Court Date, Voluminous Legal Books, Materials, and Upcoming Trial, PLAINTIFF JACOB RADER requested to stay in Housing Unit for 1 week.

**70.** On October 6th, 2018, 24 hours later, DEFENDANT MILLER paged PLAINTIFF JACOB RADER again on cell N-426 intercom and told him that "DEFENDANT FISH needed him to 'roll-up' and that he was going to "The Hole" for Disciplinary Segregation for 28 Days for Bad Behavior."

**71.** On October 6th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** asking DEFENDANT FISH why he was sent to Disciplinary Segregation on October 6th, when just the day before on October 5th, 24 hours prior DEFENDANT FISH had instructed DEFENDANT MILLER to transfer PLAINTIFF JACOB RADER to a better Housing Unit, 'R.' for good behavior. As recorded into **Hearing Report #18-2333.** PLAINTIFF JACOB RADER remained in Disciplinary Segregation for 28 days.

**72.** On October 8th, 2018, PLAINTIFF JACOB RADER filed a **Y.I.R.** to DEFENDANT FISH in Classification asking to be transferred to South Placer Jail for the following: Proper Medical Treatment, Unreasonable Force, Harassment, Emotional Distress, Access To The Courts. DEFENDANT FISH denies the transfer on October 9th, 2018.

**73.** On October 9th, 2018, PLAINTIFF JACOB RADER filed a **M.B.S.** to follow-up on the ordered

3N

Physical Treatment outside of the Auburn Main Jail which was prescribed by DEFENDANT DR. OWENS on October 5th, 2018. On the response of the **M.B.S.**, R.N. Jane Doe told PLAINTIFF JACOB RADER, "to be patient."

**74.** On October 14th, 2018 PLAINTIFF JACOB RADER filed and **Y.I.R.** to Senior Classification Officer Scott regarding why he was placed and remained in Disciplinary Segregation from October 6th, 2018. On October 5th, 24 hours prior DEFENDANT FISH had instructed DEFENDANT MILLER to transfer PLAINTIFF JACOB RADER to a better Housing Unit, 'R.' As recorded into **Hearing Report #18-2333.** PLAINTIFF JACOB RADER remained in Disciplinary Segregation for 20 more days. No Response was given.

**75.** On October 23rd, 2018 PLAINTIFF JACOB RADER filed a **Y.I.R.** to Title 15 Officer Rashid why PLAINTIFF JACOB RADER was denied any request, access and phone calls to his court appointed Private Investigator, Larry Demates and Limited Scope Attorney Paul Comiskey while being in Disciplinary Segregation since October 6th, 2018.

**76.** On or around October 23rd, 2018, DEFENDANT SOLBOS entered the private and confidential legal room #78, unannounced during a meeting between PLAINTIFF JACOB RADER and his court appointed Private Investigator, Larry Demates.

**77.** On October 24th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** to Title 15 Officer Rashid regarding only being allowed to make a privileged and confidential phone calls to his court appointed Private Investigator and Limited Scope Attorney Paul Comiskey other than a Saturday evening at 8:30PM, during non-weekday business hours.

**78.** On October 29th, 2018, PLAINTIFF JACOB RADER filed an **I.G.F.** reporting that the Physical Therapy outside of Auburn Main Jail which was ordered by DEFENDANT DR. OWENS on October 5th, 2018 had still not been administered after 14 days.

**79.** On November 2nd, 2018, Judge Robert P. McFlahany heard a Motion for Injunction Relief filed by Pro Se litigant PLAINTIFF JACOB RADER to be transferred to South Placer Jail for the following: Proper Medical Treatment, Unreasonable Force, Harassment, Emotional Distress, and Access To The Courts.

**80.** On November 3rd, 2018, PLAINTIFF JACOB RADER was transferred to South Placer Jail.

**81.** On or around November 5th, and November 23rd, 2018, PLAINTIFF JACOB RADER filed a **M.B.S.** reporting that the Physical Therapy outside of Auburn Main Jail which was ordered by DEFENDANT DR. OWENS on October 5th, 2018 had still not been administered. At such point the Physical Therapy had not taken place for approximately 120 days after the Unreasonable Force incident took place on July 12th, 2018 and approximately 45 days after DEFENDANT DR. OWENS on October 5th, 2018.

**82.** On or around January 1st, 2019, PLAINTIFF JACOB RADER filed a **I.G.F.** reporting that the Physical Therapy outside of Auburn Main Jail which was ordered by DEFENDANT DR. OWENS on October 5th, 2018 had still not been administered. At such point the Physical Therapy had not taken place for approximately 150 days after the Unreasonable Force issue on July 12th, 2018 and approximately 85 days after DEFENDANT DR. OWENS ordered it on October 5th, 2018.

**83.** On January 10th and 11th, 2019, approximately 6 Months after being assaulted with Unreasonable Force by DEFENDANT SOLBOS and WEHE, PLAINTIFF JACOB RADER was FINALLY taken to outside Physical Therapy treatment, since it was ordered by DEFENDANT DR. OWENS on October 5th, 2018.

**PLAINTIFF JACOB RADER was diagnosed using an EMG for Nerve Damage in his Neck, Right Shoulder, Right Arm and Right Wrist.**

**3P**

**THIRD CLAIM**

**CLAIM III**

1.  State the constitutional or other federal civil right that was violated: *Please see 3 R*

2.  **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. *N/A*

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s). *N/A*

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
    b.  Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. *N/A*

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

**Serious Medical Need - Deliberate Indifference**

**(Eighth Amendment to The US Constitution; 42 U.S.C. 1983)**

**84.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3Q**

**FOURTH CLAIM**

## Intentional Infliction of Emotional Distress

### (Ca. Gov. Code ss 820(a))

**85.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**86.** On July 5th, 2018, at the Tahoe Main Jail PLAINTIFF JACOB RADER entered into an 'Oral Contract' with DEFENDANT PIRTLE about PLAINTIFF JACOB RADERS two Belgium Malawian dogs, Mani and Swani Rader. The oral agreement was that "DEFENDANT PIRTLE would **'temporarily adopt'** Mani and Swani Rader until PLAINTIFF JACOB RADER was released from Jail."

On or around August 4th, 2018, Officer McGlaurghy from the Auburn Main Jail called DEFENDANT PIRTLE at the Tahoe Main Jail and VERIFIED THE ORAL CONTRANT. Officer McGlaurghy obtained DEFENDANT PIRTLES personal information such as his cell phone number and address for filing the Truckee Animal Humane Society Official Adoption Forms. After filling out the forms which **EXCLUSIVELY DESIGNATED** DEFENDANT PIRTLE to adopt Mani and Swani Rader, Officer McGlaurghy had PLAINTIFF JACOB RADER sign the forms. Officer McGlaurghy then faxed the signed proper forms to The Truckee Animal Humane Society.

**87.** On around August 8th, 2018, Officer McGlaurghy informed PLAINTIFF JACOB RADER that DEFENDANT PIRTLE "did not have Mani and Swani Rader and had given them away." DEFENDANT PIRTLE "new the two families that did have each dog and they would not be returning them once PLAINTIFF JACOB RADER was released."

3R

### FIFTH CLAIM

### Intentional Infliction of Emotional Distress  - Cruel and Unusual Punishment

### (Eighth Amendment to The US Constitution; 42 U.S.C. 1983)

**88.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**89.** On July 5th, 2018, at the Tahoe Main Jail PLAINTIFF JACOB RADER entered into an Oral Contract with DEFENDANT PIRTLE about PLAINTIFF JACOB RADERS two Belgium Malawian dogs, Mani and Swani Rader. The oral agreement was that "DEFENDANT PIRTLE would **'temporarily adopt'** Mani and Swani Rader until PLAINTIFF JACOB RADER was released from Jail."

On or around August 4th, 2018, Officer McGlaurghy from the Auburn Main Jail called DEFENDANT PIRTLE at the Tahoe Main Jail and VERIFIED THE ORAL CONTRACT. Officer McGlaurghy obtained DEFENDANT PIRTLES personal information such as cell phone number and address for the Truckee Animal Humane Society Official Adoption Forms. After filling out the forms which **EXCLUSIVELY DESIGNATED** DEFENDANT PIRTLE to adopt Mani and Swani Rader, Officer McGlaurghy had PLAINTIFF JACOB RADER sign the forms. Officer McGlaurghy then faxed the signed proper forms to The Truckee Animal Humane Society.

**90.** On around August 8th, 2018, Officer McGlaurghy informed PLAINTIFF JACOB RADER that DEFENDANT PIRTLE "did not have Mani and Swani Rader and had given them away." DEFENDANT PIRTLE "new the two families that did have each dog and they would not be returning them once PLAINTIFF JACOB RADER was released.

3S

### SIXTH CLAIM

**State -Created Danger**

**(Fourteenth Amendment to The US Constitution; 42 U.S.C. 1983)**

**91.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3T**

**SEVENTH CLAIM**

**Bane Act**

**(Cal. Civ. Code ss 52.1 (b); Cal Civ. Code ss 820(a))**

**92.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3U**

**EIGHTH CLAIM**

**Special Relationship**

**(Fourteenth Amendment to The US Constitution; 42 U.S.C. 1983)**

**93.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3V**

**NINTH CLAIM**

**Assault/Battery**

**(Ca. Gov. Code ss 820(a))**

**94.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3W**

**TENTH CLAIM**

**Negligence**

**(Ca. Gov. Code ss 820(a))**

**95.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3X**

**ELEVENTH CLAIM**

**State-Created Danger**

**(Article I, ss 7 to the California Constitution; Cal. Gov. Code 22 815.2 and 820(a))**

**96.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3Y**

**TWELFTH CLAIM**

**Special Relationship**

**(Article I, ss 7 to the California Constitution; Cal. Gov. Code 22 815.2 and 820(a))**

**97.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3Z**

**THIRTEENTH CLAIM**

**Special Relationship**

(Fourteenth Amendment to The US Constitution; 42 U.S.C. 1983)

**98.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3Z-1**

**FOURTEENTH CLAIM**

**Assault and Battery**

**(Fourteenth Amendment to The US Constitution; 42 U.S.C. 1983)**

**99.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3Z-2**

**FIFTEENTH CLAIM**

**Negligence**

**(Eighth Amendment to The US Constitution; 42 U.S.C. 1983)**

**99.** PLAINTIFF JACOB RADER re-alleges and incorporates the allegations of the proceeding paragraphs 1-83, as if fully set forth in this claim.

**3Z-3**

**E. Request For Relief**

## E.  REQUEST FOR RELIEF

State the relief you are seeking: *Please See #EA, EB, EC*

_____

_____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on *June 28th, 2019*
                    DATE

                    *[signature]*
                                                    SIGNATURE OF PLAINTIFF

*Jacob Karre, Pro Se*
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

WHERFORE, PLAINTIFF JACOB RADER respectfully prays that this court enter judgment granting plaintiff:

A declaration that the acts and omissions described herein violated PLAINTIFF JACOB RADERS rights under the Constitution and laws of The United States and rights under the Constitution and laws of The State of California. The court has supplemental jurisdiction over PLAINTIFF JACOB RADERS State Law Claims under 28 U.S.C. section 1367.

For an award of compensatory, general, and special damages against defendants: COUNTY OF PLACER, CA, PLACER COUNTY SHERIFFS OFFICE, SHERIFF DEVON M. BELL, DEPUTY SOLBOS, DEPUTY WEHE, JAIL COMMANDER STEINHAUER, ROSEALYNN STRIKA A.P.M., JANICE HENDRICKS M.P.M., SEARGENT JONES,, DR. GOLDSMITH, DR. OWENS, CLASSIFICATION OFFICER FISH, JOHN DOES 2-50 AND DEPUTY PIRTLE.

## COMPENSATORY DAMAGES

**COUNTY OF PLACER - $50,000.00**

**PLACER COUNTY SHERIFFS OFFICE - $50,000.00**

**SHERIFF DEVON M. BELL - $50,000.00**

**DEPUTY SOLBOS - $60,003.00**

**DEPUTY WEHE - $60,002.00**

**JAIL COMMANDER STEINHAUER - $60,001.00**

**ROSEALYNN STRIKA A.P.M. - $55,000.00**

6A

**JANICE HENDRICKS M.P.M. - $55,000.00**

**SERGEANT JONES - $55,000.00**

**DR. GOLDSMITH - $50,000.00**

**DR. OWENS - $50,000.00**

**CLASSIFICATION OFFICER FISH - $50,000.00**

**JOHN DOES 2-50 - $1.00**

**DEPUTY PIRTLE - $500,000.00**

For an award of exemplary/punitive damages to deter and to make an example of them, because their actions and/or inactions, as alledged, were motivated by sadastic, wanton and ominous intent, involves reckelss or callous indifference to Federally Protected Rights opressively done resulting in aggregious harm.

COUNTY OF PLACE, CA, PLACER COUNTY SHERIFFS OFFICE, SHERIFF DEVON M. BELL, DEPUTY SOLBOS, DEPUTY WEHE, JAIL COMMANDER STEINHAUER, ROSEALYNN STRIKA A.P.M., JANICE HENDRICKS M.P.M., SEARGENT JONES,, DR. GOLDSMITH, DR. OWENS, CLASSIFICATION OFFICER FISH, JOHN DOES 2-50 AND DEPUTY PIRTLE.

### PUNITIVE DAMAGES

**COUNTY OF PLACER - $150,000.00**

**PLACER COUNTY SHERIFFS OFFICE - $150,000.00**

**SHERIFF DEVON M. BELL - $150,000.00**

**DEPUTY SOLBOS - $180,003.00**

**6B**

**DEPUTY WEHE - $180,002.00**

**JAIL COMMANDER STEINHAUER - $180,001.00**

**ROSEALYNN STRIKA A.P.M. - $165,000.00**

**JANICE HENDRICKS M.P.M. - $165,000.00**

**SERGEANT JONES - $165,000.00**

**DR. GOLDSMITH - $150,000.00**

**DR. OWENS - $150,000.00**

**CLASSIFICATION OFFICER FISH - $150,000.00**

**JOHN DOES 2-50 - $3.00**

**DEPUTY PIRTLE - $1,500,000.00**

For an award of statutory penalties pursuant to Cal. Civ Code ss52.1 and any other statute as may be applicable.

For a COURT APPOINTED ATTORNEY of reasonable attorrney's fees and costs, pursuant to 42 U.S.C. ss1988, Cal. Civ. Code Proc. Ss 1021.3, and any other statute as may be applicable; and for an award of any further relief as the court deems fair, just, and equitable.

June 28th, 2019                                         Sincerfully Submitted,

                                                        Jacob Rader, Pro se In Statu Quo

**6C**