UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB RADER, | No. 2:19-cv-1265 AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al., | |
| Defendants. | |

Plaintiff requests appointment of counsel on the ground he is indigent. Plaintiff's request is set forth on a copy of his application to proceed in forma pauperis, with a change in title. ECF No. 3.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The

burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of voluntary counsel. Id.

Plaintiff's indigency does not, standing alone, establish exceptional circumstances warranting appointment of voluntary counsel. Moreover, the complaint in this action, filed July 9, 2019, has not yet been screened by the court pursuant to 28 U.S.C. §1915A, and therefore the court is unable at this time to assess plaintiff's likelihood of success or his ability to articulate his claims pro se. Plaintiff may renew his request for appointment of counsel after the court has screened his complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel, ECF No. 3, is denied without prejudice.

DATED: March 23, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE