UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB RADER, | No. 2:19-cv-1265 AC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al., | |
| Defendants. | |

Plaintiff, a former Placer County detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

   II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff was a detainee at Placer County Jail in 2018. A recently filed document explains that he was detained in Placer County pursuant to a warrant pending his extradition to Virginia to face state charges there. See ECF No. 11. The complaint names as defendants the County of Placer, the Placer County Sheriff's Office, Sheriff Devon Bell, Deputy Solbos, Deputy Wehe, Jail Commander Steinhauer, A.P.M Strika, M.P.M. Hendricks, Sgt. Jones, Dr. Goldsmith, Dr. Owens, Classification Officer Fish, Deputy Pirtle, and Does 2-50. ECF No. 1 at 2. The complaint states fifteen putative claims, which are discussed individually below.

IV. Claims for Which a Response Will Be Required

Plaintiff alleges in Claim One that on July 12, 2018 at the Auburn Main Jail, he was beaten unconscious by Deputies Solbos and Wehe, and that he sustained multiple serious injuries in the assault. ECF No. 1 at 7-9. The allegations state a claim for unreasonable and excessive use of force in violation of the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 397-398, 399 (2015). Defendants Solbos and Wehe will be required to respond to Claim One.

V. Failure to State a Claim

A. Claim Two: "Campaign of Harassment"

Claim Two of the Complaint sets forth an omnibus statement of facts on which the

3

remaining claims all rely, beginning with plaintiff's mistreatment at booking on June 18, 2018 and continuing through January 11, 2019, when plaintiff was finally taken to outside physical therapy for treatment of the injuries he had sustained in the July 2018 beating. ECF No. 1 at 10-21. The lengthy litany of facts includes numerous instances of alleged failures to respond to plaintiff's repeated seizures and other medical needs, several unfair disciplinary proceedings, denials of attorney phone calls and law library access, various failures to respond appropriately to plaintiff's complaints about jail conditions, improper limits on plaintiff's privileges, improper use of restraints, interference with and withholding of medical care, as well as the alleged assault described in Claim One and the failure to subsequently provide adequate medical care for injuries inflicted by the deputies. See ECF No. 1 at 10-21.

Claim Two is titled "Campaign of Harassment" and broadly asserts violation of plaintiff's Eighth Amendment rights. Id. at 10. The rights of pretrial detainees are grounded not in the Eighth Amendment, which places limits on the punishment that may be imposed on those serving criminal sentences, but in the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 545 (1979); Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). Detainees have a substantive due process right against restrictions that amount to punishment. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987)).

"Campaign of Harassment" is not a cognizable basis for a constitutional claim, nor is such an omnibus challenge to plaintiff's detention appropriate. Plaintiff does not allege a conspiracy to violate his constitutional rights, and the facts set forth in the complaint do not demonstrate a meeting of the minds among defendants. Section 1983 provides a cause of action against specific defendants for the discrete constitutional violations that they cause; it does not support a general claim for cumulative violations of rights by a disparate group of defendants collectively. There is no legal authority for a claim thus predicated, and so this claim is subject to summary dismissal.

B. Federal Constitutional Claims Which Do Not Specify Their Factual Basis

The following additional claims expressly and summarily assert violations of plaintiff's federal constitutional rights: Claim Three (deliberate indifference to serious medical needs);

Claim Five (intentional infliction of emotional distress); Claim Six (state-created danger); Claim Eight ("Special Relationship"); Claim Thirteen ("Special Relationship"); Claim Fourteen (assault and battery); Claim Fifteen (negligence). Rather than pleading facts specific to any of these claims individually, plaintiff states in support of each of them only that he "re-alleges and incorporates the allegations of the [preceding] paragraphs 1-83, as if fully set forth in this claim." This incorporation by reference of a wide-ranging statement of facts is insufficient to state a claim as to any cause of action.

Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of each claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Twombly, 550 U.S. at 555. In a § 1983 case, plaintiff must specify which defendant is alleged to be liable for which violation of his rights, and how that defendant caused or participated in causing the specific deprivation of rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Shotgun" or "kitchen sink" complaints, which leave it to the court and defendants to identify the facts that support a cause of action, are strongly disfavored:

> The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them.

Gurman v. Metro Housing & Redevelopment Authority, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

It is not the court's job on screening to wade through 83 paragraphs of allegations involving numerous different events, in order to determine which of them are intended to support which claims. Rather, it is plaintiff's job to organize his complaint so that the court and defendants can tell which defendants are alleged to be liable on which claims, and for what particular conduct. The claims identified above do not comply with Rule 8 standards and therefore cannot be meaningfully screened as pled.

5

Because plaintiff will be granted leave to amend his complaint, he is further informed as follows. As to Claim Three, a claim of inadequate medical care by a pretrial detainee arises under the Fourteenth Amendment and is evaluated under an objective deliberate indifference standard. See Gordon v. County of Orange, 888 F.3d 1118, 1124-1125 (9th Cir. 2018). To state a claim against any individual defendant, plaintiff must identify facts showing that (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Id.

As to Claim Five, there is no constitutional right to free from emotional distress. The intentional infliction of emotional distress only violates a detainee's federal rights if it amounts to "punishment" in the constitutional sense. This requires facts showing a governmental action that caused the detainee to suffer some harm or disability, and (2) that the purpose of the governmental action was to punish the detainee. Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). Plaintiff is further advised that he may not obtain compensatory damages based on mental or emotional injury alone, without a showing of physical injury from the particular constitutional violation. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

As to Claim Six, the phrase "state created danger" does not identify a cause of action. To state a Fourteenth Amendment claim for unconstitutionally unsafe conditions, if that is what plaintiff intends, he must identify the danger at issue and plead facts demonstrating the deliberate indifference of specified defendant(s) to that danger. The elements of such a claim are the same as those set forth above regarding deliberate indifference to medical needs. See Gordon, 888 F.3d at 1124-1125.

As to Claims Eight and Thirteen, the phrases "special relationship" does not identify a cause of action or a cognizable constitutional violation. The court cannot tell what these claims are supposed to be about.

As to Claim Fourteen, "assault and battery" of a detainee by custodial officers implicates plaintiff's federal rights only if it rises to the level of unconstitutionally excessive force. To the extent plaintiff means to base this claim on the assault alleged in Claim One, Claim Fourteen is duplicative.

Finally, as to Claim Fifteen, negligence—medical or otherwise—does not rise to the level of a constitutional violation and will not support a § 1983 claim by a detainee. See Gordon, 888 F.3d at 1125.

### C. Claims Four and Five: Intentional Infliction of Emotional Distress

Claims Four and Five both allege intentional infliction of emotional distress. Claim Four rests on California law and Claim Five purports to arise from plaintiff's federal constitutional rights. Both claims are factually predicated on the allegation that defendant Deputy Pirtle agreed to care for plaintiff's two dogs while plaintiff was incarcerated (plaintiff describes the agreement as a "contract"), but gave them away. ECF No. 1 at 24-25.[1]

As noted above, the alleged intentional infliction of emotional distress does not state a federal constitutional claim. The elements of an intentional infliction of emotional distress claim under California law are: "outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress." Nally v. Grace Community Church of the Valley, 47 Cal. 3d 278, 300 (1988) (citation omitted).

Deputy Pirtle's alleged failure to honor his promise to "temporarily adopt" plaintiff's dogs, and his giving them away permanently, do not constitute "outrageous conduct" that can support a claim for relief under California law. Moreover, plaintiff's allegations do not support

---

[1] Claims One, Four and Five are the only claims in the complaint that specify their factual basis rather than merely incorporating by reference plaintiff's omnibus statement of facts.

an inference that Deputy Pirtle acted for the purpose of causing plaintiff emotional distress or with reckless disregard of the probability of causing such distress.

      D.   <u>Other State Law Claims</u>

The following additional claims expressly assert violations of plaintiff's rights under California law: Claim Seven (Bane Act); Claim Nine (assault and battery); Claim Ten (negligence); Claim Eleven (state-created danger); and Claim Twelve ("Special Relationship").

Apart from any other pleading defects which might or might not be cured by an amended complaint that clarified the specific factual bases for the individual claims, all of plaintiff's state law claims are missing an essential element. Under California law, the timely presentation of a claim under the Government Claims Act is a condition precedent to maintaining an action against a public entity and therefore is an element of the cause of action that must be pled in the complaint. <u>State v. Superior Court (Bodde)</u>, 32 Cal. 4th 1234, 1240 (2004).

A plaintiff seeking to bring a lawsuit for money or damages against the state or its subdivisions must first submit a claim to the California Victim Compensation and Government Claims Board ("Claims Board") within six months after accrual of the cause of action. Cal. Gov't Code §§ 905.2; 911.2. Claims "relating to any other cause of action" must be brought within one year of accrual of the cause of action. Cal. Gov't Code § 911.2(a). A claim against a public employee is not required to be presented prior to filing an action against the employee if the alleged injury resulted from an act or omission in the scope of the defendant's employment. Cal. Gov't Code § 950. However, a cause of action against the employee cannot be maintained if an action for the injury would be barred against the employing public entity for failure to comply with the notice of claim requirements. Cal. Gov't Code § 950.2. In other words, a plaintiff must submit a timely notice of claim to the Claims Board before he can bring suit against a public entity or its employees.

Plaintiff has not alleged compliance with the Government Claims Act. Accordingly, all his state law claims fail. <u>See</u> <u>Bodde</u>, <u>supra</u>.

  VI.    <u>Leave to Amend</u>

For the reasons set forth above, the court finds that Claims Two through Fifteen of the

complaint do not state claims for which relief may be granted. However, plaintiff will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Solbos and Wehe on his claim that they used excessive force against him on July 12, 2018 at the Auburn Main Jail, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on Claim One against defendants Solbos and Wehe without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You have stated a claim against Deputies Solbos and Wehe for using excessive force against you in violation of your Fourteenth Amendment rights. Claim One may proceed against these defendants.

However, Claims Two through Fifteen of your complaint do not state claims that are suitable to proceed. Some of the problems with those claims are explained in detail above. The biggest overall problem is with the way the complaint is written. You must identify *for each claim* which defendant(s) it is brought against and what facts it relies on. You have been provided information about the kinds of facts that are needed to state some claims, like deliberate indifference to your medical needs and your safety. Other claims you have tried to bring just aren't federal constitutional issues at all, such as negligence. Also, before bringing state law claims against a public entity and its employees you need to have filed a timely claim under California's Government Claims Act. If you did that, you may provide the details in an amended complaint. Otherwise, you cannot proceed with state law claims.

You have a choice to make. You may either (1) proceed immediately on Claim One against Deputies Solbos and Wehe and voluntarily dismiss the other claims, or (2) try to amend the complaint to fix some of your other claims against other defendants. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice Claims Two through Fifteen and all defendants other than Solbos and Wehe. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you

what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The court has screened the complaint pursuant to 28 U.S.C. § 1915A and finds as follows: (1) Claim One states a claim against defendants Solbos and Wehe for excessive force; (2) Claims Two through Fifteen fail to state a claim for which relief can be granted; (3) the complaint does not state a claim against any defendant other than Solbos and Wehe.

4. Plaintiff has the option to proceed immediately on his Claim One against defendants Solbos and Wehe as set forth above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all other claims and defendants.

DATED: May 12, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11

```
 1
 2
 3
 4
 5
 6
 7
 8                           UNITED STATES DISTRICT COURT
 9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JACOB RADER,                              No. 2:19-cv-1265 AC
12                  Plaintiff,
13         v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                               PROCEED
14   COUNTY OF PLACER, et al.,
15                  Defendants.
16
17         Check one:
18   _____ Plaintiff wants to proceed immediately on Claim One (excessive force) against defendants
19         Solbos and Wehe without amending the complaint. Plaintiff understands that by going
20         forward without amending the complaint he is voluntarily dismissing without prejudice all
21         other claims and all other defendants.
22   _____ Plaintiff wants to amend the complaint.
23
24   DATED:_____
25                                                     _____
                                                       JACOB RADER
26                                                     Plaintiff pro se
27
28
                                                   1
```