UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB RADER,

    Plaintiff,

v.

COUNTY OF PLACER, et al.,

    Defendants.

No.  2:19-cv-1265 AC

ORDER AND FINDINGS AND RECOMMEDATIONS

    Plaintiff is a former Placer County detainee, currently incarcerated in Virginia, who proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The original complaint was screened and found to state a claim for excessive force against two defendants, but no other claims against any other defendants.  ECF No. 12.  Plaintiff's First Amendment Complaint, ECF No. 18, is now before the court for screening.

    I.    <u>Statutory Screening of Prisoner Complaints</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     First Amended Complaint

The First Amended Complaint (FAC), ECF No. 18, names thirteen defendants: the County of Placer; the Placer County Sheriff's Office; Sheriff Devon M. Bell; Deputy Solbos; Deputy Wehe; Sgt. Jones; Deputy Smith; Deputy John Doe; Classification Office Fish; the Corrections Medical Group Company (CMGC); Rosealynn Strika, A.P.M., CMGC; Janice Hendricks, M.P.M., CMGC; and Dr. Owens, CMGC.  The FAC presents 17 putative claims, all arising from plaintiff's detention at the Placer County Jail in 2018, pending his extradition to Virginia.

Claims One and Two involve plaintiff's placement in solitary confinement after he refused to sign an Open Adoption Release Authorization from the Truckee Animal Shelter regarding his two dogs.  Id. at 2-3, 5-6.  Claim One alleges a violation of due process, on grounds that plaintiff was denied a hearing prior to his placement in solitary confinement.  Claim Two alleges violation of plaintiff's right to free speech, in that Deputy Smith ordered solitary confinement and loss of privileges in retaliation for plaintiff's refusal to sign the animal control paperwork.  The incident report regarding plaintiff's failure to sign paperwork was filed by Smith on June 23, 2018, and Smith sent plaintiff to solitary confinement on June 10, 2018.

Claims Three through Thirteen all involve a use of force incident on July 12, 2018.  On that date, plaintiff was found unresponsive on the floor of his cell and taken to medical.  After being medically cleared, he was returned to his cell and left there naked.  A short time thereafter, Officer Solbos, Officer Wehe, Sgt. Jones and others responded to a report that plaintiff had covered his cell window with feces.  Plaintiff alleges that he had covered the window not with feces but "with old food to force officers into dialogue of providing new clothes and returning [plaintiff's] personal items." ECF No. 18 at 8.  The officers entered plaintiff's cell and handcuffed him in a deliberately painful way.  Officer Solbos applied a pain compliance technique known as a rear wrist-lock.  Plaintiff kicked backward instinctively in self-defense, and Officers Solbos and Wehe then slammed plaintiff into the cement wall while removing him from his cell.  Plaintiff lost consciousness and suffered head, neck and shoulder injuries.  When he came to, he was face down on the floor, still handcuffed, and being kicked in the ribs.  Wehe

3

jumped on plaintiff's back and Solbos repeatedly slammed plaintiff's head into the floor. Because plaintiff was objecting to the continuing assault, he was forced into an emergency restraint chair in violation of policy. Plaintiff was taken to an outside emergency room two days later. The injuries he sustained in the July 12, 2018 incident included multiple bruises and blood clots, a swollen cranium, scrapes, a sprained wrist, and nerve damage to his neck, right shoulder, right arm and right wrist.

Claim Three alleges that the deliberate misuse of handcuffs to cause plaintiff pain was retaliatory. It is unclear whether defendants are alleged to have been retaliating for the numerous grievances that plaintiff had previously filed about jail staff's responses to his seizures, or for his soiling of his cell window with food to get their attention. ECF No. 8 at 7-9. Claim Four alleges that the use of the pain compliance technique on plaintiff's wrist was retaliatory for plaintiff's complaint about the handcuffs being too tight. Id. at 10. Claim Five alleges that Solbos and Wehe used excessive force when they slammed plaintiff into the wall. Id. at 11. Claim Six alleges that Solbos violated plaintiff's due process rights when he made false statements in his incident report, and gave false testimony about these matters at a disciplinary hearing and at plaintiff's criminal trial on charges arising from the incident. Id. at 12-13. Claim Seven alleges that Solbos and Wehe used excessive force by continuing to assault plaintiff after he had been slammed into the wall and taken to the floor. Id. at 14-15. Claim Eight alleges that the restraint chair was used in retaliation and as a form of punishment. Id. at 16. Claim Nine asserts that Solbos used excessive force in taking two and a half minutes to remove plaintiff's handcuffs once he was secured in the restraint chair, even though plaintiff was screaming in agony because of the cuffs. Claim Ten alleges that Wehe retaliated against plaintiff by using another pain compliance technique while plaintiff was restrained in the emergency restraint chair. Id. at 18. Claim Eleven, characterized as "misuse of force – failure to train," alleges that while plaintiff was in the restraint chair with his hands still cuffed behind his back, defendant John Doe instructed Solbos to flip over plaintiff's wrist in order to remove the handcuffs. Claim Twelve alleges that Solbos used excessive force when he followed John Doe's instructions and brutally flipped plaintiff's wrist upside down. Claim Thirteen alleges retaliatory misuse of a safety cell. Plaintiff alleges that

immediately after the incident, Wehe wheeled plaintiff into a cold safety cell and left him there, naked and strapped into the emergency restraint chair, for four hours. Id. at 21.

Claim Fourteen states that Dr. John Bauer treated plaintiff at the Sutter Health emergency room on July 14 and ordered pain medication. At the jail on July 15 and thereafter, defendants Strika and Hendricks refused to provide the medication and told plaintiff he could only have Ibuprofen. Plaintiff grieved the issue repeatedly, and begged to see a doctor, but was not seen by a doctor until October 5, 2018. On that date Dr. Owen ordered outside physical therapy. Despite repeated requests and grievances, plaintiff was not taken to outside physical therapy until January 10, 2019. ECF No. 22-23.

Claim Fifteen asserts that plaintiff's inquiries and grievances regarding the July 2018 excessive force incident and his shackling status thereafter were mishandled or suppressed. Plaintiff alleges that the Sheriff's Office suppressed plaintiff's grievance regarding excessive force in order to avoid the consequences of violating the settlement agreement in Bangert v. County of Placer, Case No. 2:17-cv-01667 KJN. Defendants did not report plaintiff's incident to class counsel as required under the agreement. Plaintiff had opted out of the class action settlement in that case.

Claim Sixteen alleges conspiracy and retaliation in relation to the custody of plaintiff's dogs. As noted above regarding Claims One and Two, plaintiff was asked to authorize the adoption of his two dogs by signing a release form shortly after he was booked into Placer County Jail in June 2018. Here plaintiff alleges that a booking officer named Beggs realized the value of plaintiff's dogs as potential police K-9 trainees, and conspired with defendant Smith to steal the dogs. Plaintiff had entered into an oral agreement for another officer at the jail, Pirtle, to temporarily adopt the dogs until plaintiff was released or his family could retrieve them. This plan was foiled by the malfeasance of Beggs and Smith, and plaintiff alleges on "information and belief" that Beggs now has custody of the dogs himself and that they have been trained as Placer County K-9 officers. Id. at 28-31.

Claim Seventeen alleges municipal deliberate indifference. The FAC states that Placer County, its Sheriff's Office and Sheriff Bell systematically fail to enforce their official use of

5

force policy, and that the incidents described in the complaint constitute a violation of the settlement agreement in Bangert v. County of Placer, Case No. 2:17-cv-01667 KJN. Id. at 32-33.

### III. Plaintiff Has Stated an Excessive Force Claim Against Officers Solbos and Wehe

In screening the original complaint, the undersigned found that plaintiff had stated a cognizable excessive force claim against defendants Solbos and Wehe. ECF No. 8 at 3.[1] That claim is broken up into multiple claims in the FAC, each of which attacks a discrete aspect of these officers' actions during the July 2018 incident. The undersigned finds that the allegations of Claims Five (slamming plaintiff into the wall), Seven (kicking and beating him while on the floor), Nine (manner of removal of handcuffs), Ten (pain compliance technique used while in restraint chair) and Twelve (bending of wrists while handcuffed and in restraint chair), as supplemented by the FAC's additional allegations involving force used by Officers Solbos and Wehe during the same incident, collectively state what should be construed as a single claim of excessive force in violation of the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 397-398, 399 (2015) (force used against pretrial detainee violates Fourteenth Amendment when objectively unreasonable under the circumstances).[2]

### IV. None of Plaintiff's Retaliation Claims State a Claim for Relief

Claims Three, Four, Eight and Thirteen each allege that a particular act of the defendant officers during the July 2018 incident was done in retaliation for plaintiff's immediately preceding conduct or for his objection to the defendants' immediately preceding conduct. These claims do not sound in retaliation. To state a retaliation claim, plaintiff must allege facts establishing that (1) a state actor took some adverse action against an inmate (2) because of (3)

---

[1] Plaintiff was given the choice between proceeding on this claim only, while dismissing other claims, or amending his petition. He elected to amend.

[2] The FAC indicates that plaintiff was found guilty of a disciplinary violation and guilty of an unspecified criminal offense or offenses in relation to the events at issue. This suggests the possibility that the claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994) (prisoner may not proceed with § 1983 claim that would imply the invalidity of a conviction unless the conviction has been set aside). The complaint does not specify the charge(s) of which plaintiff was convicted. Because it is theoretically possible that a § 1983 defendant can be liable for excessive force even when the plaintiff suffered a criminal conviction arising from the same incident, see, e.g., Hooper v. County of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011), the undersigned does not recommend summary dismissal on Heck grounds.

that prisoner's constitutionally protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To the extent that plaintiff alleges force was used inappropriately, any liability arises under the Fourteenth Amendment's prohibition of unreasonable and excessive force, and plaintiff has successfully stated an excessive force claim. To the extent that his retaliation claims overlap, they are redundant.

The only claim designated as a retaliation claim that mentions previous conduct protected by the First Amendment is Claim Three, which references multiple grievances that plaintiff had previously filed. ECF No. 18 at 7. It is unclear whether plaintiff means to allege that the misuse of handcuffs was in retaliation for the grievances, or whether the grievances are mentioned as background information. See id.[3] Alleged retaliation against an inmate for filing grievances does support a claim, because the First Amendment protects inmates' use of established grievance procedures. See Rhodes, 408 F.3d at 567. However, there are no facts in the FAC that suggest that the actions taken against plaintiff on July 12, 2018 were intended to punish him for past grievances. Without facts sufficient to demonstrate retaliatory intent, the claim fails. See McCollum v. CDCR, 647 F.3d 870, 882-83 (9th Cir. 2011).

V.   None of Plaintiff's Due Process Claims State a Claim for Relief

Claim One, the procedural due process challenge to plaintiff's placement in solitary confinement prior to the use of force incident, fails to state a claim because the predicate factual allegations are inconsistent with the attachments to the complaint. Plaintiff alleges that he was placed in solitary confinement without a hearing because he refused to sign dog adoption paperwork. This contention is belied by his own exhibit, which documents that he was in disciplinary segregation due to a significant history of rule violations and violent behavior. ECF

---

[3] The grievances involved past responses to plaintiff's seizures. The FAC implies that a seizure on July 12, 2018 led to plaintiff being returned to his cell naked after medical clearance, which in turn led to him smearing food on his cell window, which led to him being wrongfully handcuffed and then beaten. Plaintiff contends that because he had a known history of seizures, custodial staff should have responded differently to him from the outset.

7

1  No. 18 at 39 (background section to incident report).[4]  Allegations contradicted by the
2  attachments to the complaint need not be accepted as true at the pleading stage.  See Sprewell v.
3  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Accordingly, Claim One is factually
4  unsupported and as such must be dismissed.  The same is true of plaintiff's putative free speech
5  claim based on the same allegations, Claim Two.

6        Claim Six, which alleges that defendants made false statements in incident reports and
7  gave false testimony at plaintiff's disciplinary hearing and criminal trial, fails for multiple
8  reasons.  First, allegedly false accusations or disciplinary reports by correctional staff do not
9  support a due process claim as a general matter.  See Buckley v. Gomez, 36 F. Supp. 2d 1216,
10 1222 (S.D. Cal. 1997).  Second, immunity from civil liability applies to any testimony given in
11 judicial proceedings.  See Briscoe v. LaHue, 460 U.S. 325, 335-56 (1983) (witnesses are
12 accorded absolute immunity from civil liability for their testimony).  Third, the FAC supports an
13 inference that plaintiff was found guilty both at his disciplinary hearing and at a criminal trial of
14 assaulting the officers involved in the July 2018 incident.  Accordingly, his due process claim
15 challenging the testimony that was accepted by the fact-finders in those proceedings is likely
16 Heck-barred.  See Heck v. Humphrey, 512 U.S. 477 (1994) (§ 1983 damages claim not
17 cognizable if it implies the invalidity of a conviction or sentence); Edwards v. Balisok, 520 U.S.
18 641, 647-648 (1991) (Heck bar also applies to prison disciplinary decision).[5]

19       Claim Fifteen, which alleges due process was violated by the mishandling of plaintiff's
20 grievances and violation of a reporting obligation under a consent decree, fails to state a claim as
21 a matter of law.  First, because there is no federal constitutional right to a grievance process, the
22 alleged mishandling or erroneous denial of an inmate appeal does itself violate due process.  See
23 Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640

---

[4] The background section states: "Since inmate Rader has been in custody 25 Jail Incident reports have been written.  Of the 25 Jail Incident Reports, 6 have been jail rule violations of Violence." Id.  Plaintiff had been in custody for less than a month at the time.

[5] In contrast to plaintiff's excessive force claim, see supra n. 2, Claim Six directly attacks the evidence supporting the disciplinary finding and criminal verdict.  There is no potential here, even theoretically, to distinguish the proof of plaintiff's criminal liability from the facts alleged to support defendants' civil liability.

8

(9th Cir. 1988)).  Second, the defendants' alleged failure to follow a reporting requirement imposed by a settlement agreement does not itself violate any constitutionally protected right of plaintiff's or permit him to recover damages.  Section 1983 provides a vehicle for plaintiffs to seek redress for injuries to their own constitutional rights, not to enforce prophylactic measures or technical requirements of state law, policy, remedial decree, or settlement agreements.  See 42 U.S.C. § 1983; see also Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 930 (9th Cir. 2001).

VI. None of Plaintiff's Other Claims Are Adequate to Proceed

A. Claims Involving Plaintiff's Dogs

As noted above, Claims One and Two (which allege wrongful placement in disciplinary segregation for failing to authorize adoption of the dogs) must be dismissed because their factual predicate is contradicted by plaintiff's exhibit.

The factual allegations of Claim Sixteen—that the dogs were stolen, that Officer Beggs now has custody of them, and that they have been trained as Placer County K-9 officers—appear to be purely speculative.  Plaintiff's "belief" that this happened does not confer the level of plausibility necessary to state a claim.  See Twombly, 550 U.S. at 555, 570.

B. "Misuse of Force – Failure to Train"

Claim Eleven alleges that while plaintiff was in the restraint chair begging to have his handcuffs removed, John Doe instructed Officer Solbos to flip over plaintiff's wrist in order to do remove the cuffs.  This is the only allegation against Doe.  These facts do not provide a basis to conclude that Doe was responsible for the allegedly unreasonable and excessively painful way that Solbos removed the handcuffs.  Moreover, removal of the handcuffs was a relatively minor component of the overall use of force.  This single allegation against Doe fails to state an excessive force claim.  No facts are alleged which implicate liability for failure to train, which is a theory of municipal liability.  See City of Canton v. Harris, 489 U.S. 378, 388 (1989).

C. Deliberate Indifference to Medical Needs

A claim of inadequate medical care brought by a pretrial detainee arises under the Fourteenth Amendment and is governed by an objective deliberate indifference standard.  See Gordon v. County of Orange, 888 F.3d 1118, 1124-1125 (9th Cir. 2018).  Plaintiff's allegation

that he was provided Ibuprofen for pain rather than the medication ordered by an outside doctor is insufficient to state a claim; a difference of opinion among medical professionals as to treatment does not rise to the level of deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996). The alleged delays in being seen by a jail physician and in providing outside physical therapy to plaintiff also do not support a claim. First, there are no facts demonstrating that any named defendant was responsible for either delay. Second, there are no facts demonstrating that the delays themselves caused any further injury. See Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Accordingly, Claim Fourteen fails.

### D. Municipal Liability

Claim Seventeen seeks to hold the County, the Sheriff's Office and the Sheriff liable for systematic failure to enforce the County's official use of force policy and violation of the settlement agreement in Bangert v. County of Placer, Case No. 2:17-cv-01667 KJN. Only the most conclusory of allegations are presented, and these are insufficient to state a claim.

### VII. Further Leave to Amend Is Not Warranted

Leave to amend need not be granted when amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The only cognizable claim in the FAC is the same claim that was found cognizable in the original screening order. Plaintiff was previously informed of the general pleading requirements imposed by the Federal Rules of Civil Procedure and the specific pleading principles applicable to § 1983 claims. The FAC nonetheless includes many claims that come nowhere near to meeting those standards. The heart of plaintiff's case is the use of force against him on July 12, 2018, and the repeated screening of alternative theories for relief arising from the same facts serves no practical purpose. Because plaintiff has already had an opportunity to amend and has not presented any new claims that appear to have factual support, the undersigned concludes that further amendment would be futile.

### CONCLUSION

For the reasons explained above, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

////

It is FURTHER RECOMMENDED that this case proceed against defendants Solbos and Wehe only, on a single consolidated claim of using excessive force on July 12, 2018 in violation of plaintiff's Fourteenth Amendment rights, and that all other putative claims and all other defendants be dismissed pursuant to 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE