UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB RADER, | No. 2:19-cv-1265 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al. | |
| Defendants. | |

      Plaintiff, a former county jail inmate[1] proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On November 17, 2021, defendants Solbos and Wehe were served via U.S. Mail. Thereafter, having received no waiver of service of summons[2] from defendants within the time allotted, on June 15, 2022, defendants were personally served by the United States Marshal's Service, and on June 17, 2022, an executed service of summons indicating that

---

[1] On October 21, 2022, plaintiff filed a notice of change of address with the court. ECF No. 34. The address appears to be a residential one.

[2] Federal Rule of Civil Procedure 4(d)(1) clearly states that an individual subject to service under Rule 4(e) has a duty to avoid unnecessary expenses of serving the summons. Id. The time within which defendants were to file the waiver of service of summons has long passed. See Fed. R. Civ. P. 4(d)(1)(F) (allowing defendants thirty days from date of request for waiver to return waiver).

1

defendants had been served was docketed.  See generally ECF No. 33.  To date, however, defendants have failed comply with the court's service order and the federal rules, both of which directed defendants to file and serve a response to the complaint within twenty-one days of service of the summons and complaint.  See Fed. R. Civ. P. 12(a)(1)(A)(i) (stating defendant must serve responsive pleading within twenty-one days after being served with summons and complaint); see also ECF No. 28 at 3 (court's service order directing defendants to respond to complaint within period indicated in Rule 12(a)).

It appears that sanctions may be warranted on grounds of bad faith.  See Local Rule 110 (permitting sanctions for failure to comply with court order); see also Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002) (requiring explicit finding of bad faith prior to imposing sanctions); Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001) (requiring bad faith finding prior to imposition of sanctions).  Accordingly, defendants shall be ordered to show cause why sanctions should not be levied against them for failing to comply with this court's service order and the federal rules.  In the showing of cause, defendants shall state: (1) why waivers of service were not returned and filed with the court, and (2) why responses to the complaint have not been filed with the court.  Failure to establish good cause for failure to waive will result, at minimum, in defendants being required to reimburse the U.S. Marshal's Service for their costs.  See Fed. R. Civ. P. 4(d)(2).

Accordingly, IT IS HEREBY ORDERED that:

Within fourteen days of the date of this order, defendants shall show cause in writing why they should not be sanctioned for failing to comply with this court's service order and the federal rules related to the waivers of service and the filing of responsive pleadings in this action.

Defendants are cautioned that failure to establish good cause for failure to waive service will result in defendants being ordered to reimburse the U.S. Marshal's Service for its expenses.  See Fed. R. Civ. P. 4(d)(2).

DATED: November 2, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2