UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB RADER, | No. 2:19-cv-1265 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al., | |
| Defendants. | |

Plaintiff is a former county prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are defendants' response to the court's order to show cause and plaintiff's motion for a subpoena.

Plaintiff's motion for a subpoena appears to be a motion for discovery and will be denied as premature, as defendants have not yet answered the complaint.

With respect to the order to show cause, on November 17, 2021, the undersigned ordered service of the complaint on defendants Wehe and Solbos.  ECF No. 28.  Summons were later filed indicating that service of process had been accepted on June 15, 2022, by Megan Wood.  ECF No. 33.  After defendants failed to file a responsive pleading, they were ordered to "show cause in writing why they should not be sanctioned for failing to comply with this court's service order and the federal rules related to the waivers of service and the filing of responsive pleadings in this action."  ECF No. 36 at 2.  Defendants have responded to that order.  ECF No. 39.

1

Having reviewed defendants' response to the order to show cause, the court concludes that there was a breakdown in communication between Ms. Wood, who was authorized to accept service on behalf of Placer County only, and the Deputy Marshal attempting service. Regardless of where the miscommunication occurred or who was responsible, it is clear that no fault lies with defendants. It is further clear that defendants have yet to be properly served. See ECF No. 39 at 27 (Declaration of Megan Wood averring that she has never been authorized to accept service of process on defendants' behalf in this case). Furthermore, while defendants' response indicates that they did receive the service waivers, which had to be forwarded because they were not sent to defendants' place of employment and were further delayed due to an intervening holiday, the court finds that their failure to return the waivers was not in bad faith. After receiving the waivers, defendants made a request to the Placer County Board of Supervisors to provide legal counsel and that request was not approved until after a responsive pleading would have been due had they filed a waiver. The court will not fault defendants for failing to return the waivers pro se while their request for counsel was pending. Moreover, while defendants' response demonstrates that there would have been sufficient grounds for counsel to make a special appearance to obtain an extension of time to return the waivers and file a responsive pleading, the court acknowledges that this was an unusual situation and counsel's advice to not return the waivers was reasonable. For these reasons, defendants have discharged the order to show cause.

As noted above, defendants have yet to be properly served in this case. In light of counsel's representation that he has been authorized to accept electronic service (ECF No. 39 at 7, ¶ 6), the court will order the complaint and summons to be electronically served on defendants' counsel. If counsel is no longer authorized to accept such electronic service, he shall immediately notify the court so that the court may order personal service on defendants without further delay.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a subpoena (ECF No. 41) is DENIED as premature.
2. The November 2, 2022 Order to Show Cause (ECF No. 36) is DISCHARGED.
3. The Clerk of the Court is directed to issue summons for defendants Solbos and Wehe electronically serve defendants' counsel, Gregory Warner, with a copy of this order, the

completed summons, and the complaint filed July 9, 2019 (ECF No. 1), at gwarner@placer.ca.gov.  If counsel is no longer authorized to accept electronic service on defendants' behalf, he shall immediately notify the court so that the court may order personal service on defendants without further delay.

DATED: October 10, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE