UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB RADER, | No. 2:19-cv-1265 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF PLACER, et al., | |
| Defendants. | |

    Plaintiff has requested the appointment of counsel. ECF No. 50. In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. at 794. "When determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

    Plaintiff, who is no longer incarcerated, requests appointment of limited scope counsel in order to assist him with procedural issues in this case. ECF No. 50. The motion does not specify what issues plaintiff seeks assistance with or identify any grounds for appointment of counsel other than that it would serve judicial economy and be "extremely beneficial." Id. The facts and

issues raised are not particularly complex, and plaintiff has, up to this point, demonstrated that he is capable of articulating his claims without assistance. Furthermore, at this stage of the case, the likelihood of success on the merits is unclear. Appointment of counsel therefore is not appropriate.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 50) is DENIED.

DATED: November 21, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE