UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB RADER,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF PLACER, et al.,<br><br>    Defendants. | No. 2:19-cv-1265 WBS AC P<br><br><br>ORDER |

Plaintiff, a former prisoner proceeding pro se, has filed motions to compel discovery and for extensions of time to complete discovery and respond to defendants' motion for summary judgment. ECF Nos. 53, 57, 63.

I.     <u>Motion to Compel</u>

Plaintiff has filed a motion to compel discovery in which he requests that defendants be required to respond to a subpoena for documents.[1] ECF No. 53. Defendants oppose the motion on the grounds that plaintiff has not served any discovery requests on defendants and that the subpoena was not directed at them. ECF No. 56. Plaintiff did not file a reply.

---

[1] Plaintiff also alleges that defense counsel has not responded to his requests to schedule depositions and site inspections. ECF No. 53. However, plaintiff does not request any relief related to these issues, and in moving for summary judgment, defendants have relied in part on the parties' deposition transcripts, indicating that any issues related to the completion of depositions have been resolved. <u>See</u> ECF Nos. 61-6 to 61-8. The court will therefore address only plaintiff's request for a response to his subpoena.

1

A.      Standard Governing Subpoenas

Under Federal Rule of Civil Procedure 45, a subpoena may direct a non-party to an action to produce documents or other tangible objects. Fed. R. Civ. P. 45(a)(1)(D). Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The majority rule is that Rule 45 requires personal service, as opposed to service by mail, though a growing minority has begun to allow substitute service via alternative methods, such as mail delivery pursuant to a court order. See Fujikura Ltd. v. Finisar Corp., No. 15-mc-80110 JRL (JSC), 2015 WL 5782351, at *5, 2015 U.S. Dist. LEXIS 135871 (N.D. Cal. Oct. 5, 2015) (collecting cases). However, though the Ninth Circuit has not issued a definitive opinion on the matter, in an unpublished panel decision it held that service "by mail rather than by personal service as required by F.R.C.P. 45(b)(1)" was "probably improper." Chima v. U.S. Dep't of Def., 23 F. App'x 721, 724 (9th Cir. 2001).

B.      Factual Background

In December 2023, plaintiff sent a subpoena to defendants' counsel by certified mail. ECF No. 53 at 1; ECF No. 56 at 2. Neither party has provided a copy of the subpoena, but both parties represent that it identified defense counsel as the person from whom the documents were sought. Id. On January 23, 2024, the parties conferred via telephone, and counsel advised plaintiff that the proper party to serve the subpoena on was the Placer County Sheriff's Office (PCSO) Custodian of Records. ECF No. 53 at 1; ECF No. 56 at 3. That same day, plaintiff amended the subpoena to name the Placer County Sheriff's Office Custodian of Records as the person from whom documents were sought and emailed it to defense counsel. ECF No. 53 at 1-3; ECF No. 56 at 3. The email states that "[p]er our conversation today, as timely and without objection you have asked that I resubmit my discovery subpoena to you, but listing the receiving party as the Custodian of Records of the Placer County Sheriff's Office." ECF No. 53 at 3. There is no indication that the subpoena was served on the custodian of records at that time.

Plaintiff states that during the call on January 23, 2024, defense counsel "acknowledge the bulk of Discovery had been complied [sic] and requested Plaintiff email Defense Counsel recapping the discussion and Subpoena Request as 'timely and without objection.'" ECF No. 53

1  at 1. He further asserts that as of the filing of his motion, he has had no response to his emails
2  since January 23, 2024, and alleges that counsel is attempting to prevent plaintiff from obtaining
3  discovery because plaintiff inadvertently identified January 26, 2023, as the deadline for a
4  response to the subpoena instead of January 26, 2024. Id. at 2.

5  Defendants represent that plaintiff has served four nearly identical subpoenas naming
6  defense counsel as the individual being subpoenaed and that counsel later learned through the
7  PCSO that plaintiff has sent four additional subpoenas to the PCSO and Jail Commander
8  Swearingen, though none of those subpoenas were served on Mr. Warner as defendants' counsel.
9  ECF No. 56 at 3. Defendants also state that they made formal objections to the subpoena and
10 counsel for the PCSO and Swearingen have also served objections to the subpoenas sent to them.
11 Id. at 4. Defense counsel has also advised plaintiff that he does not represent Placer County or
12 the PCSO in this action, and disputes plaintiff's assertion that defendants agreed that the
13 subpoena was timely and objection free. Id. at 3, 5. Rather, counsel informed plaintiff that
14 defendants would waive a timeliness objection if plaintiff wanted to send written discovery
15 requests to defendants. Id. at 5. Counsel also avers that, through emails with plaintiff, he has
16 learned that, while plaintiff is proceeding pro se in this action, he is actively receiving legal
17 advice from an attorney on these discovery matters. Id. at 4.

      C.    Discussion

Plaintiff seeks to compel responses from defendants to a subpoena naming defense counsel as the person to be subpoenaed. Because defendants were not the individuals subpoenaed and counsel is not the proper individual from whom to subpoena the records, the motion to compel will be denied.[2] To the extent plaintiff may be attempting to compel responses from the PCSO or Swearingen, there is no indication that they have been served with the motion to compel, nor has plaintiff provided any information regarding their response to the subpoena. The motion is therefore deficient and will be denied.

////

---

[2] It also appears that none of the subpoenas sent to defense counsel were properly served.

II. <u>Motions for an Extension of Time</u>

Plaintiff moves for an extension of time to serve written discovery requests on defendants based on their failure to respond to the subpoena. ECF No. 57. The deadline to propound written discovery expired on January 8, 2024 (ECF No. 48 at 6) and defendants oppose the motion (ECF No. 59).

It does not appear from the motion that plaintiff is seeking to propound any new discovery, instead he appears to be seeking to pursue the discovery requested in the subpoenas he served on defendants' counsel, the PCSO, and Swearingen. Because plaintiff does not explain why it is necessary to serve additional requests rather than file a motion to compel further responses to the subpoenas, the motion will be denied.[3] Moreover, defendants assert, and plaintiff has not disputed, that they offered to waive any timeliness objections to any written discovery plaintiff might wish to propound on January 23, 2024, but it appears that plaintiff instead chose to pursue his improper subpoenas on defense counsel. While it is somewhat concerning that defense counsel appears to have not responded to plaintiff's January 23, 2024 email to correct plaintiff's apparent misconception that the subpoena would be "timely and without objection," counsel represents that he attempted on multiple occasions to correct plaintiff to no avail, and plaintiff does not dispute this representation. Plaintiff also does not dispute that he has been receiving the assistance of an attorney in pursuing the discovery at issue.

Plaintiff has also moved for an extension of time to respond to defendants' motion for summary judgment (ECF No. 63) and defendants do not oppose the motion (ECF No. 65). This motion will be granted and plaintiff's opposition (ECF No. 66) will be deemed timely.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 53) is DENIED;

////

---

[3] While plaintiff's motion to compel responses from defendants has been denied, plaintiff does not address his why a motion to compel the PCSO or Swearingen to respond to the subpoena is insufficient.

4

      2. Plaintiff's motion for an extension of time to submit discovery requests (ECF No. 57) is DENIED; and

      3. Plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment (ECF No. 63) is GRANTED and plaintiff's opposition (ECF No. 66) is deemed timely.

DATED: July 29, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE